United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BELINDA  FERNANDEZ,　　　　§
　　　　　　　　　　　　　§
　　　　Plaintiff,　　　　　§
VS.　　　　　　　　　　　　§　　　CIVIL ACTION NO. 2:15-CV-200
　　　　　　　　　　　　　§
COASTAL BEND COLLEGE,　　　§
　　　　　　　　　　　　　§
　　　　Defendant.　　　　　§

## <u>ORDER</u>

Plaintiff, Belinda Fernandez (Fernandez) filed this action against Defendant Coastal Bend College (CBC), alleging that CBC violated her right to free speech in violation of 42 U.S.C. § 1983.  In particular, Fernandez claims that she spoke in the public interest about certain CBC breaches of safety protocols and that CBC retaliated against her by terminating her employment and including false reviews in her personnel record, which is available to future employers.  CBC filed its Motion to Dismiss (D.E. 10) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Fernandez has not sufficiently alleged municipal liability and that CBC is immune from exemplary damages.  For the reasons set out below, the motion is GRANTED.

### A.  Standard of Review

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore,

"Pleadings must be construed so as to do justice."  Rule 8(e).  The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  Those factual allegations must then be taken as true, even if doubtful.  *Id*.  In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible.  *Id*., 550 U.S. at 557.  The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."  556 U.S. at 681.

In a Federal Rule of Civil Procedure 12(b)(6) context, the Court construes the facts alleged in the complaint as true.  The Court may also consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are

subject to judicial notice as public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### B. Municipal Liability

CBC asserts that, as a community college, it is a governmental entity.  Fernandez does not dispute this.  Governmental entities are not subject to § 1983 liability for the acts of their employees under a respondeat superior or vicarious liability theory.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 692 (1978).  Instead, the test is whether "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id*. at 690.  "The 'official policy' requirement was intended to distinguish acts of the ***municipality*** from acts of ***employees*** of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (plurality opinion) (emphasis in original).

According to Supreme Court and Fifth Circuit precedent, § 1983 municipal liability requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights, the "moving force" of which is the policy or custom.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  CBC argues that CBC's final policymaker is its Board of Trustees.  While Fernandez denies this, she fails to brief who the final policymaker is.  Assuming that she believes that the deans who terminated her employment were final policymakers, she does not brief how they can

have that status when they have to answer to the Board of Trustees.  On this record, CBC's final policymaker is its Board of Trustees.

Fernandez pleads that Defendant reprimanded her with a Performance Improvement Plan (PIP) and that she was then terminated for misconduct.  The PIP (D.E. 8-1) does not reflect any signatures to reveal what supervisor was involved in its issuance.  But it is formulated for a supervisor's signature rather than Board of Trustees action.  The CBC Exit/Termination Report (D.E. 8-2) reflects that Fernandez was terminated by Kathlyn Patton and Twila Johnson, two deans employed by CBC—not members of the Board of Trustees.

In responding to the motion, Fernandez points out that she filed a grievance that was heard by the CBC Board of Trustees on July 1, 2014.  D.E. 8-5.  The minutes of the July 1, 2014 special meeting (D.E. 8-5) reflect presentation of the grievance hearing, but no indication of its content or any Board decision.  The minutes of the July 16, 2014 regular meeting (D.E. 8-6) fail to reflect any information regarding Fernandez or her grievance.  Fernandez asserts that this is evidence that the final policymaker "reviewed" her termination and "chose not to take any further action."  D.E. 14 p. 4, ¶ 13.  Thus she predicates her final policymaker/policy/moving force argument on the Board's inaction.

The Supreme Court has addressed the question of when inaction can constitute a policy or custom for purposes of liability under *Monell*.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).  The Court held that the policymaker must make a conscious choice from various alternatives in a manner that evidences "deliberate indifference" to the rights of the complainant.  *Id*.  *See also, Gonzalez v. Ysleta Indep.*

*Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993).  Fernandez's pleading does not articulate what actual information or argument was presented to the CBC Board of Directors, how its inaction demonstrates deliberate indifference, or how any such inaction was the moving force in her termination, which obviously was triggered prior to the Board meeting at which her grievance was heard.

Without more, Fernandez's complaint against CBC is formulaic and does not rise above being speculative.  The Court GRANTS CBC's motion (D.E. 10) with respect to its challenge to the pleadings on the issue of municipal liability.

### C. Exemplary Damages

CBC also challenged its potential liability for exemplary damages in a § 1983 claim, based on governmental immunity.  Fernandez did not address this argument.  The Court GRANTS the motion, holding that CBC is immune from exemplary damages.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981) (municipalities are not subject to punitive damage awards); *Mosley v. Houston Community College Sys.*, 951 F. Supp. 1279, 1290 (S.D. Tex. 1996) (community colleges are treated as municipalities and are exempt from exemplary damages).

### D. Conclusion

For the reasons set out above, the Court GRANTS CBC's motion to dismiss for failure to state a claim upon which relief may be granted.  This action is DISMISSED.

ORDERED this 3rd day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE